**BARRON & NEWBURGER, PC**

**Arthur Sanders**
*Attorney*

Office 845-499-2990 | E-Mail: asanders@bn-lawyers.com

December 10, 2019

Hon. Cheryl L. Pollak, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:  OGLESBY v. ALLTRAN FINANCIAL, LP, LVNV FUNDING LLC, RESURENT CAPITAL
SERVICES, LP, and FIRST NATIONAL COLLECTION BUREAU
DOCKET NO. 19-CV-01834

Dear Judge Pollak:

Please be advised that this office represents all of the defendants in the above-captioned matter. This letter is written in partial opposition to plaintiff's correspondence dated December 2, 2019 (Document 33). Plaintiff's letter indicates that defendants Resurgent and LVNV furnished incomplete or improper discovery responses to the plaintiff. The letter also seems to take issue with certain responses to discovery from TRAKAmerica, but TRAKAmerica is not a defendant. It is a non-party that was served by subpoena at its office in Florida. Plaintiff's letter to the Court does not actually reference any of the subpoena questions directed to TRAKAmerica and the Court would not have jurisdiction to address any supposed deficiency from TRAKAmerica even if plaintiff were to indicate which questions it failed to adequately answer.

## Background

It is important to understand the basis for plaintiff's claims against the defendants in evaluating the instant discovery disputes.

Plaintiff was a defendant in a state court collection lawsuit filed against him in 2008, in Civil Court Kings County in which LVNV Funding was the plaintiff. A default judgement was obtained in September 2008, in that Court. Mr. Oglesby allegedly learned of that lawsuit in 2014 and succeeded in having the judgement vacated. The case was set for trial in September 2014, and LVNV, through its counsel, failed to appear. The case was dismissed.

Plaintiff was contacted by defendant Alltran in April 2018, and Alltran's correspondence referenced a judgement against plaintiff that no longer existed. Plaintiff was again contacted on May 29, 2018, by defendant First National Collection



```
Hon. Cheryl Pollak                    - 2 -              December 10, 2019
Re:  Oglesby v. LVNV Funding, et al
```

Bureau (FNCB) and yet again, by Resurgent, on July 6, 2018. These communications erroneously reference the judgement that no longer existed.

Plaintiff's claims are based upon the fact that the defendants were attempting to collect a judgement that no longer existed. Whether or not plaintiff once owed the amount due is irrelevant to the claim as the wrongdoing alleged by plaintiff in his lawsuit concerns defendants' failure to note that there was no longer a judgement against plaintiff.

## **Argument**

In light of this background, defendants Resurgent and LVNV respond to plaintiff's application for better responses to RFP's 3-6, 8-13, 17 and 19. It must be emphasized that these are directed at the defendants and not at non-party TRAKAmerica.

RFP #3- Defendants stand by their response to this request. Their answer is completely truthful and makes clear that Resurgent has agreed to be responsible for any damages in this case. Plaintiff should be delighted that Resurgent, a profitable company with enough means to pay any damages in this case, is willing to take responsibility. Whether or not a non-party has been asked for indemnification is not relevant to liability or damages in this case and should not be discoverable.

RFP #4- Defendants maintain that their responses are appropriate. The alleged wrongdoing is that defendants sought to collect on a judgement that was no longer in existence. Whether or not plaintiff once owed LVNV any money is irrelevant. It would not make the actions of the defendants any less or more appropriate and would have no bearing on damages.

RFP #5- Please see response to RFP #4.

RFP #6- Defendants correctly answered this document request despite the analysis of plaintiff's counsel.  He argues that RFP 6 seeks agreements regarding collection of the debt but the question is not worded in that fashion. It asks about an investigation of plaintiff's claims. There are no responsive documents to this document request.

RFP #8- Defendants withdraw their objections to RFP No. 8. While Resurgent and LVNV did not have agreements with the other defendants, it did have a collections services agreement with CenterPoint Legal Solutions, LLC. That company was the servicer for defendants Alltran and FNCB. The agreement will be produced subject to a confidentiality agreement to be filed with and approved by the Court.

RFP #9- Defendants have already produced all collection notes whether plaintiff's counsel thinks so or not. His reference to notes from TRAKAmerica, produced in another case, are irrelevant. If plaintiff seeks better responses from TRAKAmerica,



Hon. Cheryl Pollak                    - 3 -                          December 10, 2019
Re:  Oglesby v. LVNV Funding, et al

which has had no contact with Mr. Oglesby's account since 2012, he may proceed to file any necessary application in the Southern District of Florida, where TRAKAmerica maintains an office.

RFP #10- Same response as RFP #9.

RFP #11- None of the defendants have documents responsive to RFP #11. Only defendant Alltran pulled plaintiff's credit report but has not been able to locate any documents. No defendant has reported plaintiff's debt to any credit bureau and plaintiff does not claim otherwise.

RFP #12- Plaintiff is seeking a document that does not exist.

RFP #13- Plaintiff fails to articulate a basis for his request. First, there are no indemnification agreements between the parties. Second, even if there were such agreements, plaintiff would not be entitled to them as defendant Resurgent has agreed to be responsible for any damages awarded in this case.

RFP #17- See Exhibit B annexed hereto. Defendants withdraw any objections to this request.

RFP #19- Defendant Resurgent has an Agency Operations Manual. It will furnish the document to plaintiff after the entry of an appropriate confidentiality order as the information contained therein is highly confidential and proprietary.

Defendants will await the Court's ruling on any matters still at issue.

Sincerely,

BARRON & NEWBURGER, P.C.

_____
By:  Arthur Sanders

as/sk

**EXHIBIT "B"**

| Placement Date | Placement Type | Special Service Type | Placement Balance | System | Servicer |
|---|---|---|---|---|---|
| 8/22/2018 4:33:44 AM | Closed | Standard | $7,331.81 | SHR | Resurgent - House |
| 8/21/2018 4:33:45 AM | Recall | Standard | $7,330.85 | SHR | Resurgent - House |
| 6/5/2018 5:40:36 PM | Dispute Research | Standard | $7,257.01 | SHR | Resurgent - Customer Service |
| 5/25/2018 7:26:10 AM | Recall | Standard | $7,235.77 | SHR | Resurgent - House |
| 2/13/2017 10:12:09 AM | Legal | Dormant Judgment Tertiary | $6,799.58 | SHR | CenterPoint Legal Solutions LLC |
| 2/13/2017 10:10:07 AM | Recall | Standard | $6,799.58 | SHR | Resurgent - House |
| 9/26/2013 2:54:13 PM | Legal | Dormant Judgment Tertiary | $5,614.31 | SHR | Legal Stream Inc. |